UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TR, et al.,

    Plaintiff,

vs.                                            Case No.  3:07-cv-913-J-33MCR

St. Johns County School District,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for a Protective Order (Doc. 23) filed March 21, 2008.  Defendant seeks an Order prohibiting Plaintiffs from deposing a potential witness, George Freeman.  Plaintiffs filed a response in opposition to this Motion on April 4, 2008.  Accordingly, the matter is now ripe for judicial review.

## I.  **BACKGROUND**

Plaintiffs filed this action on September 26, 2007, on behalf of their autistic son, alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et. seq.  (Doc. 1).  According to Plaintiffs, they attempted to enroll their son into the St. Johns County public school system.  Id.  Because their son is entitled to special education services, Defendant is required to provide him with an Individualized Education Plan (an "IEP").  Id.  Plaintiffs and Defendant could not agree on an IEP and therefore, on December 13, 2006, Plaintiffs participated in a due process hearing before an Administrative Law Judge ("ALJ").  The ALJ ruled in favor of the Plaintiffs and found

that the IEP offered by Defendant was not appropriate. Id.  Accordingly, Plaintiffs filed the instant case to obtain a ruling that Defendant denied their son a "Free and Appropriate Education" and to obtain reimbursement for the money Plaintiffs expended in educating their son. Id.

It should be noted that after the ruling by the ALJ, Defendant changed its position and established an IEP which the Plaintiffs found acceptable.  Thereafter, in September 2007, Plaintiffs' son attended public school in St. Johns county.  However, as Defendant notes, Plaintiffs have not been entirely content with the 2007 IEP and Defendant believes Plaintiffs intend to bring future litigation regarding the 2007 IEP.  Indeed, Defendant filed the instant Motion because it believes Plaintiffs only intend to depose George Freeman, a behavior specialist employed by Defendant, to ask questions regarding the 2007 IEP for use in some future litigation.  (Doc. 23).

## II.  ANALYSIS

Defendant seeks to prevent Plaintiffs from deposing Mr. Freeman by arguing that Plaintiffs only seek information regarding future litigation they intend to bring against Defendant.  (Doc. 23).  Plaintiffs respond that the deposition of Mr. Freeman will "involve questions regarding [Defendant's] intent and ability to provide services and oversight by a 'behavioral specialist' pursuant to 'an intensive behavioral management plan.'" (Doc. 15, p.5) (emphasis in original).

Rule 26(c) of the Federal Rules of Civil Procedure allows courts to enter protective orders for good cause shown in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P.

26(c).  One seeking a protective order carries the burden of showing good cause and/or the right to be protected.  See U. S. v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).  This burden "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  Garrett, 571 F.2d at 1326 n.3 (citations omitted).  In the instant case, Defendant has the burden of showing good cause for the entry of a protective order.

Defendant argues that Plaintiffs intend to depose Mr. Freeman about issues having no relation to the instant litigation.  Defendant has not, however, alleged that the deposition of Mr. Freeman would result in "annoyance, embarrassment, oppression, or undue burden or expense."  While the Court agrees with Defendant that it is improper for Plaintiffs to utilize the discovery process in this case in order to obtain information solely for use in some future litigation, the Court is not convinced such is occurring here.  As such, Defendant has failed to satisfy its burden for entry of a protective order completely prohibiting the deposition.  However, the Court will direct counsel for Plaintiffs to refrain from asking questions regarding issues other than the propriety of the 2005 IEP or Plaintiffs' right to reimbursement.  Specifically, counsel should not inquire about issues surrounding the 2007 IEP.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion for a Protective Order (Doc. 23) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  22nd  day of April, 2008.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record