UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TR, et al.,

    Plaintiff,

vs.                                              Case No.  3:07-cv-913-J-33MCR

St. Johns County School District ,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Rule 11 Sanctions (Doc. 30) filed June 27, 2008.  Defendant filed its Response in opposition to the Motion (Doc. 34) on July 11, 2008.  Accordingly, the matter is now ripe for judicial review.

Plaintiffs seek an order sanctioning Defendant under Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 states in pertinent part:

> (b) Representations to Court. By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>     (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation;
>     (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law;

>    >    (3) the factual contentions have evidentiary
>    >    support or, if specifically so identified, will likely
>    >    have evidentiary support after a reasonable
>    >    opportunity for further investigation or
>    >    discovery; and
>    >    (4) the denials of factual contentions are
>    >    warranted on the evidence or, if specifically so
>    >    identified, are reasonably based on belief or a
>    >    lack of information.
>    > (c) Sanctions.
>    >    (1) In General.  If, after notice and a
>    >    reasonable opportunity to respond, the court
>    >    determines that Rule 11(b) has been violated,
>    >    the court may impose an appropriate sanction
>    >    on any attorney, law firm, or party that violated
>    >    the rule or is responsible for the violation.
>    >    Absent exceptional circumstances, a law firm
>    >    must be held jointly responsible for a violation
>    >    committed by its partner, associate, or
>    >    employee.

Rule 11, Federal Rules of Civil Procedure.  Plaintiffs allege Defendant violated Rule 11 by including a claim for its attorney's fees in its answer.  (Doc. 30, pp. 2-3).  Plaintiffs contend the claim for attorney's fees is included simply for the purpose of intimidating Plaintiffs.  Id.

Plaintiffs brought the instant action pursuant to the Individuals with Disabilities Education Act (the "IDEA").  Initially, Plaintiffs successfully brought an administrative claim against Defendant arguing their severely autistic son was not provided a "free and appropriate" education as is required by the IDEA.  Plaintiffs sought reimbursement for "the expenses they incurred providing an appropriate education for [their son] in a private setting after the School Board failed their son."  (Doc. 30, p.1).  During the administrative proceedings, the Administrative Law Judge (the "ALJ") ruled that there was no regulation permitting the ALJ to award reimbursement to Plaintiffs.  Id.  The ALJ

stated that a court may have such authority. (Doc. 30, p.2). Accordingly, Plaintiffs filed the instant appeal in order to obtain reimbursement. Plaintiffs contend they have a "good faith basis to assert their entitlement to reimbursement," yet Defendant "has sought to intimidate the Plaintiffs by requesting that attorney fees be awarded against them pursuant to 20 U.S.C. §1415(i)(3)(B)." (Doc. 30, pp. 2-3). Plaintiff points out that this provision requires Defendant "to prove that the Plaintiffs and/or [counsel for Plaintiffs] filed this action which was 'frivolous, unreasonable or without foundation' and/or that their action was presented for an 'improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.'" Id. Plaintiffs contend:

> [i]t is outrageous and an obvious attempt by the School District to intimidate [Plaintiffs] and other future parental litigants to allege that the Plaintiffs have brought a frivolous action filed in bad faith when the Plaintiffs prevailed before the Administrative Law Judge and the United States Supreme Court has repeatedly allowed parents to obtain reimbursement from school districts when those districts have denied their children a "free and appropriate education."

(Doc. 30, pp. 4-5). Accordingly, Plaintiffs ask the Court to strike Defendant's claim for attorney's fees and impose sanctions.

Defendant responds that it "has a reasonable basis to argue that it should be allowed to recover its attorney's fees in this action as the Plaintiffs' claim lacks a proper legal foundation and Plaintiffs' attorney is well aware of this." (Doc. 34, p.7). Defendant points out that the IDEA only allows for reimbursement in very limited circumstances. Specifically, the IDEA states:

> If the parents of a child with a disability, who previously received special education and related services under the authority of a public agency, <u>enroll</u> the child in a <u>private elementary school or secondary school</u> without the consent of or referral by the public agency, a court or a hearing officer may require the agency to reimburse the parents for the cost of that <u>enrollment</u> if the court or hearing officer finds that the agency had not made a free appropriate public education available to the child in a timely manner prior to that <u>enrollment</u>.

20 U.S.C. § 1412(a)(10)(C)(ii) (emphasis added). Defendant contends Plaintiffs never enrolled their son in a private school after he was removed from the St. Johns County public schools. (Doc. 34, pp. 3-4). As such, Defendant takes the position that Plaintiffs are not entitled to any reimbursement and their claim for such lacks foundation. <u>Id.</u> Defendant further argues that counsel for Plaintiffs has been aware of this lack of foundation since May of 2007, yet filed the complaint in this case. (Doc. 34, p.5). Accordingly, Defendant believes its claim for attorney's fees under the IDEA is not frivolous and Rule 11 sanctions are inappropriate.

The Court agrees. The provision in the IDEA dealing with attorney's fees states that courts may award reasonable attorney's fees:

> (I) to a prevailing party who is the parent of a child with a disability;
> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
> (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose,

>such as to harass, to cause unnecessary delay, or to
>needlessly increase the cost of litigation.

20 U.S.C. §1415(i)(3)(B)(i).  Defendant's response to the Motion for Rule 11 Sanctions illustrates that Defendant's position with respect to its claim for attorney's fees is warranted by existing law and is not frivolous.  The Court takes no position on the ultimate merit of Defendant's position but instead finds it does not run afoul of Rule 11.  As such, the Court denies Plaintiffs' requests for sanctions.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiffs' Motion for Rule 11 Sanctions (Doc. 30) is **DENIED**.

2. Plaintiffs' Motion for Hearing (Doc. 32) is also **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of July, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record