UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TR, et al.,

       Plaintiff,

vs.                                Case No.  3:07-cv-913-J-33MCR

St. Johns County School District,

       Defendant.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Impose Sanctions for

Violation of Mediation Order (Doc. 31) filed June 27, 2008.  Plaintiffs seek sanctions in

the form of attorney's fees and mediator expenses against Defendant for violating the

Court's Order Referring Case to Mediation (Doc. 20) entered February 28, 2008.  In the

Order, Judge Covington directed that an employee or agent of Defendant was to attend

the mediation with "full authority to settle the case."  (Doc. 20, p.3).  Plaintiffs contend

Defendant violated this portion of the Order.  Specifically, Plaintiffs allege counsel for

Defendant and two employees of Defendant with knowledge of the case attended the

mediation.  (Doc. 31, p.2).   During the mediation, the parties reached a settlement

agreement, however, prior to signing the agreement, counsel for Defendant indicated he

would need to obtain approval from the actual School Board at its upcoming meeting

before signing the document.  Id.  Plaintiffs then allege that in-house counsel for

Defendant became involved in the case and Plaintiffs believe in-house counsel

recommended to the School Board that the settlement be rejected.  (Doc. 31, p.3).

Ultimately, the settlement was rejected by the School Board during its meeting.  Id.

Finally, Plaintiffs state they paid the mediator's invoice in the amount of $1,364.75 and

asked Defendant to reimburse them.  Id.  Defendant refused to do so.  Id.  Plaintiffs now

ask the Court to impose sanctions on Defendant for violating the Court's Order,

including payment for Plaintiffs' counsel's attorney fees for preparing for and attending

the mediation conference and School Board meeting; compensation for Plaintiff, T.R.'s

time spent attending the mediation conference and School Board meeting; the

mediator's fee; and any other relief the Court may deem proper.  (Doc. 31, p.4).

Defendant responds that Plaintiffs' counsel was aware prior to the mediation that

the St. John's County School District had a policy requiring the School Board to have

final approval over any settlement which would require the expenditure of substantial

public funds.  (Doc. 35, p.1).  Defendant also states that at the mediation, the parties

were able to work out a tentative agreement regarding the substantive portion of the

case, however, counsel for Plaintiffs was not able to give Defendant a final figure on the

amount of attorney's fees he was seeking.  Id.  As such, Defendant informed Plaintiffs  it

would not agree on a settlement until it knew the amount of money being requested for

attorney's fees.  (Doc. 35, p.2).  Counsel for Plaintiff provided the amount of fees

several days after the mediation and the amount was "more than double what had been

tentatively negotiated for the substantive part of the case."  Id.  Defendant asserts that

"[i]t is this fact, and no other, that destroyed the possibility for any settlement and

caused the School District to reject the proposal." Id.  Accordingly, Defendant asks the Court to deny Plaintiffs' request for sanctions.

Based on the facts of this case, the Court does not believe sanctions are appropriate.  Defendant informed counsel for Plaintiffs prior to the mediation of the School District's policy regarding any settlement.  The Court understands counsel for Plaintiffs' frustration and does question why in-house counsel for Defendant did not attend the mediation.  However, Defendant did not violate the Court's Order.  Defendant properly appeared at and participated in the mediation.  Indeed, the parties were able to agree to a settlement on the substantive part of the case.  According to Defendant, it was counsel for Plaintiffs' attorney's fees which caused the settlement to be rejected and that portion of the settlement was not negotiated at the mediation conference.  While counsel for Plaintiffs may believe differently, there is no evidence before the Court to demonstrate that the mediation was a "sham."  As such, the Court finds Defendant complied with the Court's Order Referring Case to Mediation (Doc. 20) and sanctions are not appropriate.

The Court notes, however, that Judge Covington's Order Referring Case to Mediation (Doc. 20) states the mediator's fee "unless otherwise agreed to by counsel, shall be borne equally by all parties and payable immediately upon the conclusions of mediation." (Doc. 20, p.4).  Therefore, to the extent it has not done so, Defendant is directed to pay half of the mediator's fee to Plaintiffs and to do so no later than **Friday, August 1, 2008**.

Accordingly, after due consideration, it is

-3-

**ORDERED**:

Plaintiffs' Motion to Impose Sanctions for Violation of Mediation Order (Doc. 31)

is **DENIED** as is Plaintiffs' request for oral argument contained in their Motion for Oral

Argument (Doc. 32).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of

July, 2008.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record